IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLOWE BROWN,

      Plaintiff,                      No. 2:12-cv-1625 KJN P

    vs.

KAMALA D. HARRIS, et al.,         ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel, and seeks leave to proceed in forma pauperis. Plaintiff filed a civil rights complaint against the Attorney General of the State of California, and two assistant Deputy Attorneys General, challenging their actions taken in his appeal in Brown v. Hill, Case No. 11-15255 (9th Cir.). Plaintiff seeks a fair trial in which "all of the evidence [is] presented to the jury." (Dkt. No. 1 at 3.) Plaintiff provides a copy of a motion for extension of time filed by the defendants in Hill, Case No. 11-15255, and signed by defendant Smiley on May 27, 2011.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

       Court records reflect that on January 14, 2011, plaintiff's petition for writ of habeas corpus challenging his underlying conviction was dismissed as barred by the statute of limitations.  Brown v. Hill, 2:09cv3241 DAD JAM.  Plaintiff filed an appeal, and the Ninth Circuit found that the district court properly dismissed the habeas petition as untimely-filed.  Brown v. U.S. District Court and Rick Hill, Warden, Case No. 11-15255 (9th Cir. Feb. 22, 2012).

       In the instant complaint, plaintiff alleges that he provided to the Office of the Attorney General trial transcripts allegedly "showing and proving multiple constitutional violations," and alleges that if he "was granted a new trial he would be exonerated."  (Dkt. No. 1 at 3.)  Plaintiff complains that defendants sought three extensions of time to answer plaintiff's request for a new trial.  (Dkt. No. 1 at 11, 12-14.)

       "[T]he Supreme Court has determined that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment.  Accordingly, the Court has granted absolute immunity to . . . judges, prosecutors, . . . and officials performing quasijudicial

functions." Fry v. Melaragno, 939 F.2d 832, 835-36 (9th Cir. 1991) (internal quotation marks, citations, and footnote omitted). Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Kalina v. Fletcher, 522 U.S. 118, 124-26 (1997); Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005). When sued in official and individual capacities, the Ninth Circuit has held that an attorney general or deputy attorney general has absolute immunity, except they "are not immune from any actions that are wholly unrelated to or outside of their official duties." Bly-Magee v. California, 236 F.3d 1014, 1016 (9th Cir. 2001); see also Fry, 939 F.2d at 837 (government lawyers absolutely immune for actions "intimately" or "closely" associated with judicial process). "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or agency hearing, absolute immunity is necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation." Id. (citation omitted).

It is clear from plaintiff's complaint that his allegations as to defendants relate to their respective roles as advocates for the state in the judicial phase of the criminal process. Thus, all three defendants are entitled to absolute immunity.

Moreover, a civil rights action brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the prisoner's confinement. By contrast, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the *fact or duration* of a plaintiff's conviction. Here, plaintiff seeks a new trial as to his underlying criminal conviction. Because plaintiff's claim affects the fact of his conviction, he must proceed by seeking habeas corpus relief under 28 U.S.C. § 2254. This court may construe a civil rights complaint as a habeas petition. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1992) . However, the district court should not convert a § 1983 action into a habeas claim when the plaintiff's intention is clear. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).


The complaint makes clear that plaintiff is attempting to seek alternative relief because his prior habeas petitions have been denied. (Dkt. No. 1 at 3.) As noted above, plaintiff's challenge in 2:09-cv-3241 DAD JAM was denied as time-barred. An earlier-filed petition for writ of habeas corpus was denied as it was a mixed petition containing both exhausted and unexhausted claims. Brown v. Felker, 2:07-0668 JAM EFB (E.D. Cal.). However, to the extent plaintiff is attempting to seek a new trial in connection with his criminal conviction, plaintiff's sole relief is through a petition for writ of habeas corpus.

For all of the above reasons, the court will not construe plaintiff's complaint as a petition for writ of habeas corpus, and because plaintiff cannot proceed against the named defendants based on their role in opposing plaintiff's habeas petition, the complaint should be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that the complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow1625.56